## Louisville & Nashville Railroad Company v. Wilson.

(Decided November 14, 1924.)

### Appeal from Harrison Circuit Court.

1. **Master and Servant—Evidence Held to Show Duties of Injured Water Carrier Required Him to get on Flat Car.**—Evidence held to show that duties of water carried injured by movement of train, required him to get on flat car to pass water to crew to relieve their thirst.

2.  Master and Servant—Employe May Adopt One of Two Equally Safe Ways of Performing Duty.—Employe, having two ways equally safe and feasible of performing duty, may adopt one in preference to the other, without going beyond the scope of his employment.
3.  Master and Servant—Employe Held Not to Assume Risk of Movement of Train Without Signal.—Water carrier to a crew of workmen on a flat car held not to assume risk of movement of train without customary signal.
4.  Master and Servant—Water Carrier's Negligence in Climbing Train Held for Jury.—Whether a water carrier, whose duty it was to water workmen on a flat car, and who was injured by movement of train without signal, was negligent in getting on to flat car by first climbing on the tender and then crosing over to the flat car, rather than using stirrup on flat car, held for jury.
5.  Master and Servant—Instruction as to Assumption of Risk in Method of Boarding Train Properly Refused, where Not Cause of Injury.—Where injury to water carrier was not caused by adoption of improper way of getting on top of flat car, but by negligence of employer in moving train without signal, instruction that, if plaintiff boarded train by way of tender, instead of flat car, he thereby assumed risk and could not recover, was properly refused:

WOODWARD & WARFIELD, ASHBY M. WARREN, EMMETT M. DICKSON and HANSON PETERSON for appellant.

M. C. SWINFORD and SWINFORD & SWINFORD for appellee.

OPINION OF THE COURT BY TURNER, COMMISSIONER— Affirming.

Appellee brought this action for damages against appellant, alleging that while acting as water carrier to a crew on a work train he was injured by reason of the negligence of the defendant and its officers and agents.

The answer denied the negligence, and relied upon contributory negligence and assumption of risk.

On the trial a verdict in favor of the plaintiff was returned for $1,500.00, upon which judgment was entered, and from which this appeal is prosecuted.

Appellee had been engaged by appellant for a number of years, but had most of the time been a member of a section crew, and his duties were that of a general laborer, and sometimes included that of water boy or water carrier. On the occasion in question he was sent out with the work train crew and was acting chiefly as water boy. The work train was engaged in taking up along the right of way piles of rock that had been piled near thereto, and in doing so went up and down the track

stopping at such piles of rock. The train consisted of an engine and tender and about thirteen or fourteen flat cars upon which the rocks were loaded. When the train stopped at a place where the rocks were piled, part of the crew got out on the ground and lifted or placed the rock on the flat cars, while a part of the crew remained on the cars and arranged or placed the rocks after they were placed thereon.

Appellee's duties were to take his water bucket and go to a nearby spring and bring water for the workmen, and when that part of the crew working on the flat car asked for water it was his duty, as shown by the evidence, to take his bucket on to the flat and pass it around to the workmen who wanted it. On the occasion of the injury the train had backed up to or near a pile of rock and stopped, but had not when it first stopped placed the cars in exactly the right position for the loading of the rocks, and this necessitated another short movement of the train to properly place the cars. Just before this second movement of the train some workmen on one of the cars called for water, when appellee then on the ground lifted his water bucket and set it on the corner of the flat car next to the tender, and climbed up by means of a stirrup and handhold on the tender next to the flat car, intending to step across the narrow space between the tender and the flat car, get his bucket and pass around the water. Just as he reached a little platform or space on the tender, the train moved the second time, as the evidence shows, without signal or warning, and the jar caused part of his body to fall between the cars and his foot caught in the coupling and was injured.

There is no complaint of the amount of the verdict, and could not well be; but appellant insists it was entitled to a directed verdict, (a) because plaintiff was not at the time of his injury acting within the scope of his employment, and consequently defendant owed him no duty, and (b) because it was such a risk as he assumed incident to the employment.

The first contention for appellant is that there was no evidence to show appellee's duties required him to get on the car to water the workmen, and that there being no such duty he was at a place where he had no business to be, and was entitled to no warning. The evidence, however, is that the accident happened about 3:30 in the afternoon, and that appellee had been throughout the day getting on to the cars and handing water to the

workmen just as he was preparing to do again when the injury occurred; and it likewise shows that none of those superior in authority to him had directed him to do his work in any different way. The evidence shows in addition that the rocks were piled on the flat car so that one could not stand on the ground and pass water to the workmen on the car over the top of the rocks, and in the light of this situation it apparently became the duty of appellee to get upon the car and pass the water around, and particularly as he had not been directed to do it in a different way.

It is likewise contended for appellant that as appellee climbed upon the car by using the stirrup and handhold on the tender rather than using the stirrup provided on the flat car itself, he adopted a method of performing his duties other than that provided by the master, and was not, therefore, acting within the scope of his employment.

The stirrup on the end of the flat car and the stirrup and handhold on the end of the tender were only a short distance apart. They were each intended for use by employes in getting on the train; there is nothing to indicate that one might not be as safely used as the other; it is in doubt under the evidence whether there was a handhold in addition to the stirrup on the flat car, but there were both on the tender and it was, therefore, more convenient to get on to the train by the means provided on the tender. We are aware of no rule of law which penalizes an employe who has two ways of performing his duties, each equally safe and feasible, if he adopts one in preference to the other, particularly when one is more convenient than the other. It would be wholly unreasonable to say that an employe who under such circumstances selects the one way in preference to the other is outside the scope of his employment.

But appellant was not injured while using the stirrup and handhold on the tender, even if it be considered that he wrongfully made use of them for the purpose; for the injury is shown not to have occurred until after he had reached the platform of the tender, when the jar, caused by the movement of the train without warning, alone brought about the injury.

If it be conceded appellee assumed the risk because of the means he adopted to reach the flat car, the evidence shows with reasonable clearness that the adoption of such means had nothing whatsoever to do with the acci-

dent or the injury. As already stated, he had reached the small platform on the tender before the train moved for the second time, and it was that movement without warning, as the plaintiff's evidence shows, which caused him or some part of his body to fall in between the flat car and the tender whereby his foot was injured. Certainly appellee did not assume the risk of a movement of the train without signal contrary to the rules.

We are of opinion the court properly refused the peremptory.

Appellant complains of the refusal of the court to give an instruction offered by it to the effect that appellee was guilty of contributory negligence, and that the jury should therefore diminish the damages rather than an instruction which left it to the jury to say whether or not appellee was guilty of such negligence. This contention is again based upon the idea that appellee endeavored to climb on the flat car by first climbing on to the tender and then crossing over to the car, rather than to have used the stirrup and climbed upon the flat car.

Again we must say that the manner of his climbing upon the train appears from the evidence to have had no connection whatsoever with the injury; the negligence of the company in moving the train after appellee had succeeded in getting on the tender appears to have been the cause of the injury, and if it may be deemed contributory neglect for him to have used one method in preference to the other in getting on the train, it cannot be said to have had anything to do with the injury received. The question of contributory negligence was properly left to the jury.

Appellant offered an additional instruction wherein it was said in substance that it was the duty of the plaintiff in climbing on the train to use the stirrups and handholds on the flat car, and if he undertook to board the train by way of the stirrup and handhold on the tender he assumed all the risk of the method voluntarily adopted by him, and was not entitled to recover.

In a proper case this might might be a correct statement of the law; but here there is nothing to show that the method adopted by him in reaching the top of the train had any connection or contributed in any way to the injury he received. To so instruct the jury under the facts of this case would be in effect to say that although the risk voluntarily assumed by the employe had

nothing whatsoever to do with the injury he received, he could not rely upon the subsequent negligence of the employer which is shown to have been the cause. If it might be said that appellee wrongfully adopted an improper way to board the train the fact remains that his adoption of such way did not result in the injury, but that immediately thereafter the negligent act of the company, separate and distinct from the employe's voluntary act, did result in his injury.

Judgment affirmed.